831 F.2d 294
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dorothy M. HILL, Plaintiff-Appellant,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellee.
 No. 86-5502
 United States Court of Appeals, Sixth Circuit.
 October 5, 1987.
 
 Before MERRITT, WELLFORD and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jimmie Harris was the named insured under an Allstate automobile insurance policy. His son, Marquis Harris, was away from home attending school at Tennessee State University in Nashville. On February 1, 1984, Marquis entered an Allstate office in Madison, Tennessee, a Nashville suburb. Marquis had just purchased a 1972 Mercury automobile, and the young man asked the Allstate agent to add this car to his father's insurance policy. The agent submitted the appropriate form to the appropriate Allstate office, and is alleged to have told Marquis that he was 'insured.'
 
 
 2
 When Jimmie Harris received notice that his son's Mercury had been added to his policy, he called his Allstate agent and asked to have the Mercury removed from the policy forthwith. He also asked to have a 1972 Chevrolet removed from the policy. Jimmie Harris apparently called Allstate on February 9, 1984, but the computer printout memorializing the event states that the policy was amended to delete the Chevrolet and the Mercury effective February 14, 1984.
 
 
 3
 On March 5, 1984, Jimmie Harris contacted his Allstate agent to ask that Marquis be removed from the policy as a driver. The agent submitted the appropriate form to delete Marquis. A computer printout memorializing this event was issued on March 12, 1984, with an effective date of March 21, 1984. The printout states that
 
 
 4
 'EFFECTIVE ON MAR 21, 1984, YOUR POLICY WAS CHANGED FOR
 
 
 5
 A CHANGE IN DRIVE OR USE CLASS OF VEHICLE NO. 2
 
 
 6
 A CHANGE IN DRIVER REC/INEXP OPER SURCHARGE VEHICLE 1'
 
 
 7
 Marquis had an accident while driving his Mercury on March 7, 1984. The plaintiff in the case at bar, Dorothy M. Hill, sued Marquis in connection with that accident. Allstate refused to defend the case, and a judgment was entered against Marquis in the amount of $1,003,000.
 
 
 8
 Ms. Hill then sued Allstate in federal court, claiming at a minimum the policy limit of $15,000, and at a maximum the full amount of the judgment. The latter claim was based on alleged 'bad faith' on the part of Allstate. The district court granted summary judgment to Allstate, and Ms. Hill appealed.
 
 
 9
 Our primary task is to determine whether Marquis had any insurance coverage under the policy, and, if so, whether he was covered while driving his 1972 Mercury.
 
 
 10
 Allstate argues that Marquis was not covered under the policy at all. Allstate points to the fact that on March 5, 1984, Jimmie Harris called his Allstate agent and asked that Marquis be removed from the policy. It is apparent, however, that Allstate did not in fact remove Marquis until March 21, 1984. The March 12, 1984, computer printout makes it quite clear that the change requested by Jimmie Harris did not go into effect until March 21, 1984. Marquis Harris was therefore still 'covered' under the policy on March 7, 1984.
 
 
 11
 Marquis' coverage, however, extends only as far as the policy language says it does. The policy makes Jimmie Harris and his wife (if any) the 'named insured.' Marquis is covered as a 'relative' because of the combination of sections 1(c) and 3(e) of the definition section of the policy; he is a relative of the named insured deemed to reside in Jimmie Harris' household because he was away from home attending school. As a 'relative,' Marquis would have coverage if the 1972 Mercury was an 'owned automobile.' Unfortunately for Ms. Hill, however, Marquis' car was not in that category.
 
 
 12
 The term 'owned automobile' is defined as follow:
 
 
 13
 '(b) 'owned automobile' means the vehicle described in the declarations, and, as defined herein, and replacement automobile, any additional automobile, any temporary substitute automobile, and any trailer owned by the named insured; however, this definition shall not apply under any coverage unless a premium is charged for the application of such coverage with respect to such vehicle . . ..'
 
 
 14
 The Mercury was not 'described in the declarations' on March 7, having been deleted effective February 14. It was not a 'replacement automobile' or an 'additional automobile,' because such automobiles are defined in terms of cars acquired by the named insured, and the Mercury was acquired by Marquis. It was not a 'temporary substitute automobile,' because such a car is defined as one being used as a substitute for an 'owned automobile.'
 
 
 15
 Relatives, such as Marquis, have coverage with respect to 'non-owned automobiles,' but Marquis' car did not fit in that category either. A non-owned automobile is one 'not owned by .. . the named insured or any resident of his household . . ..' Because Marquis was a 'resident' of the named insured's household, and because he owned the Mercury, the car clearly did not qualify as a non-owned automobile. We find no provision in the policy that would extend coverage to Marquis while driving a car that was neither an 'owned automobile' or a 'non-owned automobile,' as those terms are defined in the policy.
 
 
 16
 It is also argued that the failure of Allstate to notify Marquis that his Mercury had been removed from the policy should allow the appellant to recover. But neither the policy itself nor any state law required Allstate to give any such notice to Marquis. T.C.A. Sec. 56-7-1303 requires notice in the event of policy cancellation, but such notice need be given only to 'the named insured as shown in the policy declarations.' We find no merit in the argument that the court ought to look outside the terms of the policy.
 
 
 17
 The judgment of the district court is AFFIRMED.